# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO RODRIGUEZ CASTRO,<br><br>                       Petitioner,<br><br>  v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>                   Respondents. | Case No. 26-cv-04286-BAS-VET<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner Humberto Rodriguez Castro filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming his immigration detention has been arbitrarily and unreasonably prolonged. (ECF No. 1.) The Government argues that Petitioner has failed to exhaust his administrative remedies. (ECF No. 6.) Petitioner replies. (ECF No. 7.) Because the Court finds Petitioner's detention has not been arbitrarily and unreasonably prolonged and because he has had a bond hearing before an Immigration Judge, the Petition is **DENIED**.

26cv4286

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or Federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    BACKGROUND

On January 11, 2026, Petitioner was arrested in Utah and charged with assault on a police officer. (Pet. ¶ 3, ECF No. 1.) On March 20, 2026, the charges of assault on a police officer, obstruction of justice, and unlawful detention were dismissed with prejudice. (*Id.* ¶ 5.) Petitioner pled guilty to a misdemeanor of interfering with a police officer. (*Id.*)

Petitioner filed his initial habeas Petition in front of this Court but then moved to voluntarily dismiss the Petition. (Case No. 26-cv-1113-BAS-VET.)  On March 5, 2026, the Court granted the motion and dismissed the Petition without prejudice. (*Id.* at ECF No. 6.)

On March 11, 2026, Petitioner refiled the Petition. (Case No. 26-cv-1547-BAS-MSB.) On March 25, 2026, the Court ordered an Immigration Judge to hold a bond hearing for Petitioner. The Court found Petitioner was not subject to mandatory detention under § 1225 but may be subject to mandatory detention under § 1226(c) and referred the case to the Immigration Judge for this determination. (*Id.* at ECF No. 8.)

On March 30, 2026, in keeping with the Court's order, the Immigration Judge held a bond hearing. (Pet. ¶ 7.)  The Immigration Judge found Petitioner presented a danger to the community and a risk of flight. (*Id.*)

26cv4286

On June 22, 2026, an Immigration Judge ordered Petitioner removed to Mexico. (Pet. ¶ 9.) On July 16, 2026, Petitioner appealed that ruling to the Board of Immigration Appeals ("BIA"). (*Id.* ¶ 10.)

## III.    ANALYSIS

The Court agrees that immigration detention without a bond hearing can be deemed arbitrarily and unreasonably prolonged and thus a violation of the detainee's due process rights. *See, e.g.*, *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."). However, Petitioner received a bond hearing only four months ago. An Immigration Judge determined Petitioner was a flight risk and a danger to the community, so he should not be released. (Pet. ¶ 7.)  Petitioner provides no information that circumstances have changed since this determination.

To the extent Petitioner disagrees with this decision, his proper recourse is to appeal to the BIA. The Court agrees with the Government that Petitioner has failed to exhaust this administrative remedy. "Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Although Section 2241 does not specifically require a petitioner to exhaust administrative remedies before seeking habeas relief, "[n]onetheless, 'we require, as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241.'" *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (quoting *Castro-Cortez v. INS,* 239 F.3d 1037, 1047 (9th Cir. 2001)); *see also Puga*, 488 F.3d at 815 ("[P]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional."). "Lower courts are, thus, not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived." *Laing*, 370 F.3d at 998. Grounds for waiving exhaustion include finding that: (1) administrative remedies "are inadequate or not efficacious," (2) exhaustion "would be a futile gesture,"

(3) "irreparable injury will result" if petitioner is required to exhaust administrative remedies, or (4) "administrative proceedings would be void." *Id.* at 1000.

Petitioner in this case has failed to exhaust his administrative remedies. He had the option to appeal his bond denial to the BIA and has failed to do so. Although this is a prudential requirement, requiring an appeal to the BIA makes sense. The BIA is there for a reason—it provides agency expertise helpful to determine whether bond in a given case is warranted. If, as Petitioner argues, the Immigration Judge made a rogue decision, appealing to the BIA allows the agency to correct its own mistake and preclude the need for judicial review. And, finally, a direct appeal to the district court encourages deliberate bypass of an administrative scheme. *See Puga,* 488 F.3d at 815 (listing reasons for requiring administrative exhaustion). Thus, the Court finds an appeal to the BIA is a necessary prerequisite in this case before it may consider any error on the part of the Immigration Judge.

## IV.   CONCLUSION

Because Petitioner has received a bond hearing, he fails to show that his detention has been arbitrarily and unreasonably prolonged without due process. To the extent he is arguing the Immigration Judge made an incorrect bond determination, he must exhaust his administrative remedies by appealing this decision to the BIA. The Petition is **DENIED**. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: August 10, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv4286